United States Court of Appeals,

Fifth Circuit.

No. 92-8583.

Fred BROWNING, Plaintiff-Appellant,

v.

CITY OF ODESSA, TEXAS, Defendant-Appellee.

May 17, 1993.

Appeal from the United States District Court for the Western District of Texas.

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

JOHNSON, Circuit Judge:

In late 1990, Fred Browning was terminated as a fire fighter with the Odessa Fire Department. Browning filed this lawsuit, complaining that he was not provided the procedural due process required under the Fourteenth Amendment when he was dismissed. The City of Odessa filed a motion for summary judgment, contending that Browning had no property rights in his position as a fire fighter and that even if he had such a right, the city provided him with all of the procedural safeguards he was due. The district court agreed with both of the city's contentions and granted the city's motion for summary judgment. This Court affirms.

I. Facts and Procedural History

In April 1985, Fred Browning became an employee with the Odessa Fire Department. He proceeded up the ranks in the department to the position of paramedic. Browning had a fine record as a fire fighter until the fall of 1990. In August of that year, Browning's personal problems with a fellow ambulance driver, Todd Tillman, began to affect his work.[1] In November, Browning was suspended without pay for fifteen days because of threats he allegedly made toward Tillman. Indeed, between September and November of 1990, Browning was suspended without pay four times because of insubordination, conduct unbecoming a fire fighter, and/or the failure to follow orders.

[1] Browning learned that Tillman had made and was continuing to make sexual advances toward Mrs. Browning. Tillman apparently ignored Browning's demands that Tillman cease such activity.

Throughout this time period, Browning was also reprimanded, both orally and in writing, and was assigned extra duties because of his conduct.

On November 29, 1990, after Browning's fourth suspension without pay, the Battalion Chief, Chief Stovall, and Assistant Fire Chief, Chief Gardner, wrote letters to the Chief of the Fire Department, Chief Wiggs, recommending that Browning be terminated.[2] Chief Wiggs approved of the recommendation. However, prior to terminating Browning, Chief Gardner informed Browning of his recommendation that Browning be dismissed. Gardner also discussed with Browning the reasons for his recommendation and allowed Browning to respond.[3] Browning basically retorted that "he was being picked on." Because that response did not change Gardner's opinion, Gardner dismissed Browning that same day.

In actuality, Browning's pay was not terminated on November 29,[4] for the city's personnel manager, Mr. Coco, insisted that Browning be given a somewhat formal "pretermination" hearing. Chief Wiggs notified Browning of the pretermination hearing on December 4, and the hearing took place on December 7 through December 8, 1990. The assistant city manager, Mr. Raymond Kendall, presided over the hearing, and throughout the hearing, Browning was represented by counsel. Additionally, Browning was allowed to call witnesses[5] and to cross-examine the city's witnesses.[6]

[2]Browning had been suspended without pay for the failure to follow orders both on November 23, 1990, and November 26, 1990. On November 23, after Browning failed to complete a task assigned to him, the senior captain at Browning's station, Captain Brock, ordered Browning and another fire fighter to wash the vehicles assigned to that station. Browning refused, and Captain Brock suspended Browning for the rest of his shift without pay. When Browning returned for his next shift on November 26, he was again ordered to wash the fire department vehicles. He again refused to do so, and he was again suspended without pay. Fire Department Rules and Regulations provided that "[t]wo suspensions in any twelve month period [were] grounds for dismissal."

[3]The meeting between Gardner and Browning lasted no more than thirty minutes.

[4]His personnel records show that his medical and dental benefits ended as of November 29, and another form states that his last day of work for the City of Odessa was November 29. However, he was paid his normal salary and accrued leave until December 27, 1990.

[5]Mr. Kendall did not allow Browning to call his sister as a witness. Kendall may have also precluded Browning from calling some other witnesses.

[6]The hearing was also taped; however, the tape recorder failed to record all of the proceedings.

Four days after the hearing, Mr. Kendall issued his determination. Kendall decided that Browning should not be terminated, but should be demoted, placed on probation for six months, reassigned to a less favorable shift, and prohibited from swapping shifts with other fire fighters for six months. Kendall also ordered Browning to cut his hair so as to meet Fire Department standards. Further, Kendall determined that Browning should be reimbursed for any expenses Browning incurred in obtaining health insurance between November 29, and the date on which Kendall issued his decision. Finally, Kendall informed Browning that he had five working days in which to appeal the decision.

Protesting the demotion, Browning refused to return to work. He was subsequently dismissed. He failed to appeal his dismissal, but instead brought this cause of action against the City of Odessa, contending that he was denied the procedural due process required by the Fourteenth Amendment. The City of Odessa filed a motion for summary judgment, arguing that Browning possessed no protected property interest in his job. The city further asserted that even if Browning did have a property right, the city had provided him with all of the procedure he was due. The district court agreed, holding that Browning was an employee at will with no property interests in his employment. The court held in the alternative that even if Browning had a property interest, the city had not violated his due process rights in dismissing him. Browning appeals.

## II. Discussion

### A. Standard of Review

This Court reviews the grant of a summary judgment motion *de novo, Walker v. Sears, Roebuck & Co.,* 853 F.2d 355, 358 (5th Cir.1988), viewing all of the facts and inferences which arise therefrom in a light most favorable to the non-movant. *United States v. Diebold, Inc.* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962).

### B. Process Due

In this case, Mr. Browning vehemently disputes the district court's finding that he had no property interest in his position with the Fire Department. Indeed, he must do so, for without a property interest in his employment, Browning had no right to procedural due process. *Board of*

*Regents v. Roth,* 408 U.S. 564, 576-78, 92 S.Ct. 2701, 2708-10, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 599, 92 S.Ct. 2694, 2698, 33 L.Ed.2d 570 (1972). However, this Court need not reach that issue, for we find that even if Browning had the requisite property interest in his position as a fire fighter, the City of Odessa provided him with all of the procedural safeguards due him under the Fourteenth Amendment.

The parties do not dispute that prior to dismissing Browning on November 29, Chief Gardner notified Browning of the recommended termination, discussed with Browning the reasons for the recommendation, and allowed Browning to present his side of the story. Further, Browning does not contend that adequate post-termination process was unavailable to him. However, Browning does argue that the November 29 meeting did not provide him with sufficient pretermination due process. We disagree.

The United States Supreme Court decided in *Cleveland Board of Education v. Loudermill,* that if a governmental employer provides a full *post*-termination hearing, *pre*termination due process is limited. 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). In such circumstances, before dismissing an employee, the employer need only provide the employee with written or oral notice of the charges raised against him, explain to the employee the nature of the evidence of those charges, and afford the employee an opportunity to respond. *Id.; Helton v. Clements,* 832 F.2d 332, 337 (5th Cir.1987); *Schaper v. City of Huntsville,* 813 F.2d 709, 714 (5th Cir.1987).

A satisfactory pretermination "hearing" need not be elaborate, for such a hearing is merely designed to prevent the employer from making a mistake. *Loudermill,* 470 U.S. at 545, 105 S.Ct. at 1495. The purpose of the hearing is simply to ensure that the charges raised against the employee are true and support his or her dismissal. *Id.* Thus, an informal hearing which allows the employee to give his version of the facts sufficiently hedges against an erroneous dismissal and likewise satisfies the requirements of due process. *Id.* at 546 & n. 8, 105 S.Ct. at 1495 & n. 8; *Caine v. Hardy,* 943 F.2d 1406, 1412 (5th Cir.1991), *cert. denied,* --- U.S. ----, 112 S.Ct. 1474, 117 L.Ed.2d 618 (1992).

The record in this case clearly reveals that Browning received a pretermination hearing which complied with those due process requirements. He was given notice of the proposed dismissal,

informed of the reasons for that dismissal, and given an opportunity to respond. Although the meeting between Chief Gardner and Mr. Browning lasted no more than thirty minutes, the Due Process Clause required nothing more since a full evidentiary post-termination hearing was available.[7] Based upon the facts before us, this Court must conclude that the initial November 29, 1990, pretermination meeting between Chief Gardner and Mr. Browning clearly met the minimum requirements of the Due Process Clause since elaborate post-termination procedural safeguards were available.

## III. Conclusion

The City of Odessa provided Mr. Browning with a sufficient pretermination hearing on November 29, 1990. It clearly did not violate Browning's due process rights. Hence, the district court correctly granted the city's motion for summary judgment. This Court, therefore, AFFIRMS.

---

[7]Browning failed to avail himself of the post-termination procedure. This Court has consistently held that one who fails to take advantage of procedural safeguards available to him cannot later claim that he was denied due process. *Rathjen v. Litchfield,* 878 F.2d 836, 839 (5th Cir.1989); *Galloway v. State of Louisiana,* 817 F.2d 1154, 1158 (5th Cir.1987).