IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30280
_____


BRIJ M. JANMEJA,

                                        Plaintiff-Appellant,

                    versus

LOUISIANA STATE UNIVERSITY AGRICULTURAL &
MECHANICAL COLLEGE BOARD OF SUPERVISORS;
ALLEN A. COPPING, Individually and in his
capacity as President of the LA State
University System; LOUISIANA STATE UNIVERSITY
AT EUNICE; MICHAEL SMITH, Individually and in
his capacity as Chancellor of LA State
University at Eunice; DONALD O. ROGERS,
Individually and in his capacity as Vice-Chancellor
of Academic Affairs of LA State University at
Eunice; THERESA DEBECHE, Individually and in her
capacity as Head of the Division of Nursing and
Allied Health of LA State University at Eunice;
EDWARD CALLOWAY, Individually and in his capacity
as Director of the Respiratory Care Program of
Louisiana State University at Eunice,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Louisiana, Lafayette
(95-CV-263)

_____
April 14, 1997

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

This appeal presents the question whether a state employee demoted from his administrative position after refusing to sign a letter in the course of an evaluation proceeding has raised viable claims under either the First or the Fourteenth Amendment. After reviewing the record, studying the briefs, and considering the arguments presented to this court, we have concluded that the district court did not err in dismissing the claims.

I

Brij M. Janmeja is a tenured associate professor at Louisiana State University at Eunice ("LSU-E"), a two-year community college under the supervision and management of the Louisiana State University Board of Supervisors. Until September 1994, Janmeja concurrently held the administrative position of Director of the Respiratory Care Program at LSU-E.

The Respiratory Care Program undergoes an accreditation review process, conducted by the Joint Review Committee for Respiratory Therapy Education, every five years. A portion of this process is a self-study, which Janmeja was responsible for overseeing. In response to inquiries from the Joint Review Committee for Respiratory Therapy Education, Janmeja drafted a letter attributing the high attrition rate at the LSU-E program to the inadequate academic preparation of entering students.

Janmeja's supervisor, Theresa deBeche, did not approve of the letter, suggesting that the attrition issue was more complex than suggested by Janmeja's letter.[1] Janmeja refused deBeche's request to redraft the letter, and deBeche subsequently redrafted the letter to include a more comprehensive analysis of the attrition issue. Janmeja refused to sign the re-drafted letter unless his supervisors allowed him to add a disclaimer to the document. His supervisors declined, and deBeche signed the letter and submitted it to the Joint Review Committee for Respiratory Therapy Education.

After the incident, Janmeja's supervisors left a note requesting that he meet with them immediately. Upon arriving at the meeting, Janmeja was told that he had been reassigned to the position of Director of Clinical Education effective immediately. This reassignment, amounting to an administrative demotion, did not affect Janmeja's tenured position or salary as an associate professor.

Janmeja filed this action against the Louisiana Board of Supervisors, various LSU-E officials, deBeche, and the faculty member who replaced him as Director of the Respiratory Care Program. He alleged violations of 42 U.S.C. §§ 1983 and 1985, claiming that he was demoted for exercising his right to free

---

[1]DeBeche suggested that the causes of the high attrition rate also included the faculty's educational methodologies and the program's design and location, among other factors.

speech and that he had been denied his right to procedural due process, and sought reinstatement to the position of Director of the Respiratory Care Program, money damages and attorneys' fees. The defendants filed for summary judgment claiming Eleventh Amendment immunity and qualified immunity. The district court dismissed all of Janmeja's claims, except his claims for prospective injunctive relief against the individual defendants in their official capacities to redress alleged violations of Janmeja's rights to free speech and procedural due process.

Janmeja's First and Fourteenth Amendment claims proceeded to a bench trial. At the conclusion of Janmeja's evidence, his First Amendment claim was dismissed on the basis that the speech was not a matter of public concern and, even if it were, Janmeja's interest in commenting on the matter was not greater than the defendants' interest in promoting the efficiency of the public service they performed. At the conclusion of all evidence, Janmeja's due process claim was dismissed because he failed to pursue the internal grievance procedure provided by LSU-E.

Janmeja appeals only from the district court's rulings on his First and Fourteenth Amendment claims.

II

A

4

A public employee may not be discharged for exercising his right to free speech under the First Amendment. Thompson v. City of Starkville, 901 F.2d 456, 460 (5th Cir. 1990). In order to prevail on a claim of this nature, the plaintiff must first establish that the speech involved a matter of public concern. Id. We review de novo the trial court's decision that Janmeja's speech was not a matter of public concern. Terrell v. University of Texas Sys. Police, 792 F.2d 1360, 1362 n.2 (5th Cir. 1986).

This court has set forth the following standard for determining when speech relates to a matter of public concern:

> Because almost anything that occurs within a public agency could be of concern to the public, we do not focus on the inherent interest or importance of the matters discussed by the employee. Rather, our task is to decide whether the speech at issue in a particular case was made primarily in the plaintiff's role as a citizen or primarily in his role as an employee. In making this determination, the mere fact that the topic of the employee's speech was one in which the public might or would have had a great interest is of little moment.

Id. at 1362; see also Connick v. Myers, 461 U.S. 138, 147 (1983) ("[W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.").

5

Janmeja's draft of the proposed self-study letter was clearly prepared in the course of his duties as an employee.  The letter did not address a matter of public concern, and the district court did not err in dismissing his First Amendment claim.

B

In order to establish a claim for denial of procedural due process, a plaintiff must demonstrate that he had a property interest or right in the position from which he was removed. Browning v. City of Odessa, 990 F.2d 842, 844 (5th Cir. 1993).  The existence of a property interest in employment is determined by state law.  See Moulton v. City of Beaumont, 991 F.2d 227, 230 (5th Cir. 1993).

Louisiana adheres to the doctrine of "employment at will." Gilbert v. Tulane Univ., 909 F.2d 124, 126 (5th Cir. 1990).  Under this doctrine, employment is not a property right unless there is a specific contract provision granting such a right.  Moulton, 991 F.2d at 230.

Louisiana State University regulations provide that tenure attaches only to academic positions, not administrative assignments; therefore, because Janmeja's demotion affected only his administrative position, a non-tenured position, he had no property interest in the position of Director of the Respiratory

6

Care Program and failed to state a procedural due process claim under the Fourteenth Amendment.[2]

                                III

For the foregoing reasons, the judgment of the district court is

                                                A F F I R M E D.

---

[2]The district court ruled that Janmeja had a property interest in his administrative position, specifically an "individual right to market himself," and dismissed the claim because Janmeja failed to exhaust LSU-E's internal grievance procedure. We find it unnecessary to address the exhaustion issue, because, as noted above, we find that Janmeja had no property interest in his purely administrative assignment. See Terrell, 792 F.2d at 1362 n.3 ("When the judgment of the district court is correct, it may be affirmed on appeal for reasons other than those given or relied on below.").