IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31427
Summary Calendar
_____

KEVIN E. JOHNSON,

                                        Plaintiff-Appellant,

versus

LOUISIANA STATE POLICE ET AL.,

                                        Defendants,

PAUL W. FONTENOT, Colonel; MINEL J. FOLSE, Captain; JOHN W.
SOILEAU, Lieutenant, in their official and individual capacities,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 96-CV-108
--------------------
October 23, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Kevin Johnson appeals summary judgments dismissing his claims raised pursuant to 42 U.S.C. § 1983. Johnson alleges deprivations of due process and equal protection afforded by the Fourteenth Amendment. He contends that, during a hostile interview concerning allegations of prior misconduct made by his previous employer, defendants Folse and Soileau, with support

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from defendant Fontenot, coerced him into resigning his position as a Louisiana State Police probationary cadet. He further alleges that the defendants denied him a "name clearing" appeal hearing by providing only "sham appellate proceedings."

Three summary-judgment motions were filed in the district court. The first resulted in the dismissal of all claims except procedural due process claims against three individuals. The second motion sought dismissal of the remaining procedural due process claims and was denied on narrow grounds. The third motion, decided by a judge new to the case, resulted in the dismissal of all remaining claims and defendants. Johnson challenges aspects of both summary judgments. He argues that he was deprived of procedural due process and substantive due process. He also contends that the court ignored the "law of the case" and improperly granted the last summary-judgment motion <u>sua sponte</u> in favor of Folse and Soileau although only Fontenot was the named movant. All other issues are waived by Johnson's failure to argue them in this court. <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1995).

Summary judgment is reviewed de novo and is proper if "'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" <u>Amburgey v. Corhart Refractories Corp.</u>, 936 F.2d 805, 809 (5th Cir. 1991) (quoting Fed. R. Civ. P. 56(c)). Summary judgment must be entered against a nonmovant who cannot establish elements essential to his case. <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). This court construes the facts

in the light most favorable to nonmovant Johnson and assumes that he was involuntarily terminated from a position in which he had a constitutionally protected property interest.

Procedural due process is provided when even a minimal predeprivation hearing is "coupled with post-termination administrative procedures." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546-48 (1985); Schaper v. City of Huntsville, 813 F.2d 709, 713-16 (5th Cir.1987). A pretermination due-process hearing need not be elaborate; the essential elements "are notice and an opportunity to respond." Loudermill, 470 U.S. at 546.

At Johnson's pretermination hearing, Folse and Soileau accused Johnson of misconduct and allowed him to respond to the charges and make a statement. Even if it is assumed that Folse and Soileau were so hostile to Johnson that his "resignation" was actually an involuntary termination, Johnson received predeprivation due process. The defendants also offered Johnson a postdeprivation hearing which he declined to attend. His contention that the appeal process was "sham" is unsupported by the record. "[O]ne who fails to take advantage of procedural safeguards available to him cannot later claim that he was denied due process." Browning v. City of Odessa, 990 F.2d 842, 845 n.7 (5th Cir. 1993).

Substantive due process protects individuals against certain governmental actions regardless of procedural safeguards. Walton v. Alexander, 44 F.3d 1297, 1302 (5th Cir. 1995). To state a substantive due process claim, Johnson must show that his

termination was irrational, arbitrary, or not reasonably related to any legitimate governmental interest.  Williams v. Texas Tech Univ. Health Sciences Ctr., 6 F.3d 290, 294 (5th Cir. 1993); Neuwirth v. Louisiana State Bd. of Dentistry, 845 F.2d 553, 558 (5th Cir. 1988).  In his interview, Johnson conceded that he committed misconduct and lied during his prior employment.  He also conceded that he lied during the interview.  Thus his termination was not irrational or unrelated to a legitimate governmental interest in having honest and diligent policemen.

Johnson contends that the district court improperly granted the last summary judgment in favor of Folse and Soileau sua sponte because the only movant was Fontenot.  This court assumes without deciding that the motion was granted sua sponte as to Folse and Soileau.  A district court has the power to enter summary judgment sua sponte provided that the nonmovant has notice consistent with Rule 56.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 28 F.3d 1388, 1397-98 (5th Cir. 1994).  Johnson had notice that he was in jeopardy of having his entire case dismissed, as shown by his response to the motion in which he addressed arguments pertaining to all of the defendants.  Even if the notice were deemed inadequate, summary judgment was harmless because it was granted as a matter of law after resolving factual disputes in Johnson's favor.  Thus, there was no additional evidence that Johnson could have offered that would justify relief.  See Ross v. University of Texas at San Antonio, 139 F.3d 521, 527 (5th Cir. 1998).

Johnson also contends that the "law of the case" doctrine foreclosed summary judgment on the issue of procedural due process because the previous judge had denied summary judgment on that issue. "[T]he law of the case doctrine is a discretionary rule of practice which does not limit the power of the court to revisit a legal issue." Copeland v. Merrill Lynch & Co., 47 F.3d 1415, 1424 (5th Cir. 1995). An earlier denial of summary judgment is not res judicata and does not preclude a subsequent grant of summary judgment. United States v. Horton, 622 F.2d 144, 148 (5th Cir. 1980). The law of the case did not preclude the final grant of summary judgment.

The judgments of the district court are AFFIRMED

AFFIRMED