IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 28, 2008

Charles R. Fulbruge III
Clerk

No. 08-50224
Summary Calendar

LESLIE VICARI

Plaintiff – Appellant

V.

YSLETA INDEPENDENT SCHOOL DISTRICT; DENNIS MILLER

Defendants – Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-cv-00131

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Leslie Vicari appeals the district court's grant of summary judgment in favor of Defendant Dennis Miller on her due process claim under 42 U.S.C. § 1983. Because Vicari never invoked Ysleta Independent School District's established process for addressing wage and earnings grievances, she cannot now claim that she was denied due process. Therefore, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Leslie Vicari was employed by Ysleta Independent School District ("YISD") as a Level 308 "regular high school assistant principal" during the 2004-2005 school year, although she had been involuntarily transferred to an alternative school within the district during the prior school year. Her salary for the 2004-2005 school year was $67,206.27. Because she was not notified prior to 45 days before the expiration of the 2004-2005 school year whether her contract with YISD would be renewed, Texas law deemed her to be "employ[ed] in the same professional capacity for the following year." Tex. Educ. Code § 21.206(a)-(b) (Vernon 2007). The following year was the 2005-2006 school year.

However, well before that time, namely, in August 2004, YISD notified Vicari that her salary would be reduced in the 2005-2006 school year. She did not respond to this notification. In July 2005, Vicari's position was changed to a Level 307 "assistant principal at an alternative campus," and her salary was reduced to $63,734.26 for the 2005-2006 school year. In December 2005, Dennis Miller, YISD's Compensation Supervisor, informed Vicari that her salary had been reduced in error. YISD reinstated her higher salary and provided her with backpay for the months that she had been paid at the lower salary level.

In April 2006, Vicari filed suit against YISD in federal district court, alleging that she was subjected to sexual harassment, a discriminatory job reassignment, and retaliation in violation of Title VII. In May 2006, she amended her complaint to include an allegation that Miller deprived her of a property right to her higher salary without due process of law in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. The district court granted summary judgment to the defendants on all of Vicari's claims. As to the claim against Miller, the district court held that he was entitled to qualified immunity against Vicari's Section 1983 claim. Vicari appeals only the dismissal of her due process claim against Miller.

II.

The district court held that Miller was entitled to qualified immunity because Vicari did not have a constitutionally protected property interest in a salary for the 2005-2006 school year that would be identical to her salary for the 2004-2005 school year. Alternatively, the district court found that, even if Vicari had such a property interest, she could not prevail on her due process claim because she neither availed herself of YISD's grievance procedure nor alleged that the procedure was constitutionally inadequate. The district court reasoned that Miller was entitled to qualified immunity under either analysis because Vicari could not establish that her constitutional right to due process had been violated. See Linbrugger v. Abercia, 363 F.3d 537, 540 (5th Cir. 2004) ("If no constitutional right has been violated, the inquiry ends and the defendants are entitled to qualified immunity."). We review this decision de novo. Greenwell v. State Farm Mut. Auto Ins. Co., 486 F.3d 840, 841 (5th Cir. 2007).

Whether Vicari enjoyed a constitutionally protected property interest in a particular "professional capacity" and that capacity's concomitant salary for the 2005-2006 school year is unclear. The authorities cited by YISD are far from dispositive on this issue. However, we need not embrace the district court's analysis nor resolve the issue ourselves because we agree with that court on its alternative holding: even if Vicari had a property interest in a particular salary for the 2005-2006 school year, she did not take advantage of available procedures that would have prevented a deprivation of her property without the process due. Browning v. City of Odessa, 990 F.2d 842, 844 (5th Cir. 1993).

The alternative holding is well supported by the record. YSID formally notified Vicari of its decision to reduce her salary ten months in advance of the actual reduction. At any point after this notification, Vicari could have invoked YISD's grievance procedure in order to correct what she perceived to be an improper salary reduction. The grievance policy permits an employee to file a

3

grievance "concerning an employee's wages, hours, or conditions of work." It provides for three levels of review: (1) an initial conference with the employee's principal or supervisor, (2) followed by a conference with the school district superintendent, and, finally, (3) an appeal to the school board. Each of these steps must be completed within a prescribed time frame. The policy also provides for a hearing before the school board at which time the employee may present a grievance. This procedure satisfies the requirements of due process. See id. Vicari admits that she never invoked this procedure. Had she done so, she would have obtained adequate pre-deprivation process, including a hearing.

Vicari argues that she was not required to exhaust state administrative remedies because she alleged a violation of her constitutional rights. Vicari has identified the general rule that an aggrieved individual need not exhaust state remedies before filing suit in federal court to vindicate a state deprivation of her constitutional rights. Rathjen v. Litchfield, 878 F.2d 836, 840 (5th Cir. 1989). However, Vicari's case falls within an exception to this rule that applies when the alleged constitutional deprivation is the denial of procedural due process. She complains of an absence of process, but she did not use the sufficient process provided. "An employee cannot ignore the process duly extended to him and later complain that he was not accorded due process." Galloway v. Louisiana, 817 F.2d 1154, 1158 (5th Cir. 1987).

Because Vicari has not shown a violation of any constitutional right, Miller is entitled to qualified immunity from her suit. Judgment is AFFIRMED.