# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2013

No. 12-60579
Summary Calendar

Lyle W. Cayce
Clerk

HENRY LEWIS PATTERSON, also known as H. L. Patterson,

Plaintiff-Appellant

v.

YAZOO CITY, MISSISSIPPI; YAZOO COUNTY, MISSISSIPPI; YAZOO
RECREATION COMMISSION,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
5:10-CV-153

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

This case arises from a wrongful termination lawsuit filed by Plaintiff-Appellant Henry Lewis Patterson against Defendant-Appellants Yazoo City, Yazoo County, and Yazoo Recreation Commission. Patterson seeks reversal of the district court's grant of summary judgment as to Yazoo County, and of its judgment based upon a jury verdict with respect to Yazoo City and Yazoo

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60579

Recreation Commission. Patterson argues that there was insufficient evidence to sustain a defense verdict on his due process claim under the Fourteenth Amendment, and that the district court erred in refusing to allow him to read deposition transcripts to the jurors. Patterson further argues that the district court, in granting summary judgment, used the wrong standard to determine whether Yazoo County was a joint employer of Patterson with the Commission. For the following reasons, we affirm the grant of summary judgment as well as the final judgment of the district court in all respects.

## I. FACTS AND PROCEDURAL HISTORY

The Yazoo Recreation Commission ("Commission") was established by statute in 1979. It oversees parks and recreational facilities in the Yazoo City area. Yazoo City ("City") and Yazoo County ("County") each appoints five Commissioners to the Commission, who serve part-time as policymakers. The Superintendent of Recreation ("Superintendent") is the Commission's top-ranking employee. He is charged with supervising all other Commission employees, most purchasing decisions, management of daily operations, and organizing and promoting the Commission's recreational activities.

Plaintiff-Appellant H. L. Patterson ("Patterson") was hired by the Yahoo City recreational department and was employed by the Commission upon its formation. In 1997, Patterson was promoted to Superintendent. During his tenure as Superintendent, the Commission's performance declined. Patterson admits that since 2004, private citizens have undertaken regular, organized cleanup efforts in Commission-run parks. It is undisputed that during this period the Commission's financial condition also deteriorated.

In 2007 and 2008, a group of new commissioners was appointed to the Commission. In February 2009, after several employees resigned, the new commissioners met and decided to "start from scratch." At this meeting, they

elected officers, including a new Chairman, Tommy Guthrie, and addressed issues like meeting times and rules, the budget, accounting, and personnel.

After their February meeting, Guthrie and the other board members learned from their accountant that the Commission's bank account was overdrawn by nearly $13,000. They also inspected the equipment in the Commission's inventory and found much of it in poor condition. That spring, Guthrie and other commissioners spoke to Patterson about the problems with his performance, and eventually about his potential termination. Later in the spring, Guthrie had several informal meetings with Patterson where he informed Patterson of the board's dissatisfaction with his performance, and where Patterson had an opportunity to respond. During one of their meetings, Guthrie warned Patterson that members of the commission "were looking for [Patterson's] job if things didn't get better." The evidence reflects that, at that meeting, Patterson told his side of the story about his performance issues.

At its meeting on April 1, 2009, the Commission voted unanimously to terminate Patterson's employment. On April 6, Guthrie informed Patterson of his termination. Patterson allegedly did not seek to address the board because he believed that the decision was final.

On September 27, 2010, Patterson filed a complaint in the district court alleging that the Commission, by terminating his employment, discriminated against him based on his disability (his legs are amputated) and his age in violation of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"), respectively. Patterson amended his complaint twice to add the County and the City, claiming that each was a "joint employer," and to include a due process claim under the Fourteenth Amendment against all the Defendants. Patterson filed a motion for partial summary judgment for the due process claim; the City also filed a motion for partial summary judgment, and the Commission and the County each filed a

motion for summary judgment. The district court granted the County's motion and denied the others.

The case against the City and the Commission proceeded to a jury trial. During the trial, the district court excluded depositions of representatives from the City and the Commission, who were listed as deposition witnesses in the pretrial order. At the conclusion of the trial, the jury answered interrogatories and returned a verdict for the remaining Defendants on all counts. During the trial, Patterson never moved for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure. In addition, Patterson did not object to any of the jury instructions or interrogatories. The district court entered an order of final judgment on June 22, 2012, and Patterson timely appealed.

## II. DISCUSSION

On appeal, Patterson raises three issues. First, he argues that there was insufficient evidence to sustain a defense verdict on his due process claim under the Fourteenth Amendment. Second, Patterson argues that the district court erred in refusing to allow him to read two deposition transcripts to the jury. Third, Patterson argues that the district court, in granting summary judgment, used the wrong standard to determine whether Yazoo County was a joint employer of Patterson with the Commission. We address these issues in turn.

### A.    Due Process Claim

Patterson argues that he was a public employee with a property interest in his continued employment, and therefore had due process rights under the Fourteenth Amendment with respect to his termination. He argues that the parties' testimony and documentary evidence was insufficient to sustain a defense verdict on whether his termination violated his due process rights.

4

No. 12-60579

We find that Patterson has waived this argument because he failed to preserve it by filing a Rule 50(a) motion for judgment as a matter of law.[1] In a jury trial, a party who "fails to present a Rule 50(a) motion on an issue at the close of evidence waives both its right to present a Rule 50(b) motion after judgment and its right to challenge the sufficiency of the evidence on appeal." *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 288 (5th Cir. 2007). "[T]he two basic purposes of this rule are to enable the trial court to re-examine the question of evidentiary insufficiency as a matter of law if the jury returns a verdict contrary to the movant, and to alert the opposing party to the insufficiency before the case is submitted to the jury." *Id.* (citation and internal quotations omitted). In addition, "a defendant's objection to proposed jury instructions on grounds pertaining to the sufficiency of the evidence issues it seeks to appeal may satisfy these purposes." *Id.* Patterson did not file a Rule 50(a) or Rule 50(b) motion, or object to the proposed jury instructions, and therefore his challenge is waived. *Id.*

Patterson further argues that the district court applied the wrong legal standard in evaluating his due process claim. He asks us to evaluate his due process claim under the four-factor test set forth in *Levitt v. University of Texas at El Paso*, 759 F.2d 1224, 1228 (5th Cir. 1985). Yet, Patterson never proposed a jury instruction reflecting the *Levitt* factors and did not object to the jury instruction given. Thus, his argument that we now should apply the *Levitt* test is waived. *See, e.g., Nero v. Indus. Molding Corp.*, 167 F.3d 921, 932 (5th Cir. 1999) (citing Fed. R. Civ. P. 51) ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.").

---

[1] In addition, Patterson failed to file a Rule 50(b) motion after judgment.

No. 12-60579

Because Patterson failed to preserve error as to the sufficiency of the evidence and the proper legal standard in the jury instructions, we review both issues under the plain error standard. *Navigant Consulting*, 508 F.3d at 292, 295-96. We are "exceedingly deferential" to the trial court under plain error review. *Id* at 296 (citation and internal quotation marks omitted).

Regarding the jury instruction issue, Patterson "must show 'that the instructions made an obviously incorrect statement of law that was probably responsible for an incorrect verdict, leading to substantial injustice.'" *Id.* at 296 (citing *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 369 (5th Cir. 2004)). Patterson has failed to make this showing. The jury was instructed that "due process does not require a formal hearing, but it does require that the employee be given notice of the action that may be taken against him, and a meaningful opportunity to tell his side of the issue." This instruction is not "an obviously incorrect statement of law." To the contrary, it accurately summarizes the law in this circuit. *See Browning v. City of Odessa, Tex.*, 990 F.2d 842, 844-45 (5th Cir. 1993).

As to the sufficiency of the evidence, under plain error review, "if any evidence exists that supports the [jury's] verdict, it will be upheld." *Navigant Consulting*, 508 F.3d at 292 (citations and internal quotation marks omitted). The record reflects that the jury was presented with evidence that Patterson's termination met the standard given in the instructions. Guthrie testified that before the termination vote he met with Patterson and told him that members of the Commission were "looking for his job" if he did not perform better. And Guthrie had previously informed Patterson of performance issues that made termination a possibility. Moreover, Patterson has admitted that, at a meeting where Guthrie informed him of the possibility of his termination, he "told what [his] side of the story was." In light of the evidence available to the jury,

6

No. 12-60579

Patterson has not shown plain error in its verdict on his due process claim. Accordingly, we do not disturb its verdict on this issue.

## B.    Deposition Testimony

Patterson next argues that the the district court erred in excluding the deposition transcripts of representatives of the City and the Commission. In particular, Patterson argues that he should have been allowed to read at trial the depositions of these representatives taken under Federal Rule of Civil Procedure 30(b)(6) because he allegedly stated in the pretrial conference his intent to read the entire deposition. He claims that 30(b)(6) depositions may be used for "any purpose" under the circumstances of this case, *see* Fed. R. Civ. P. 32(a)(3), and apply to the testimony of corporate representatives, *Hilderbrand v. Levi Strauss & Co.*, No. 3:09cv243-DPJ-FKB, 2011 U.S. Dist. LEXIS 104236, at *1-2 (S.D. Miss. Sept. 14, 2011). Patterson argues that we should set aside the jury verdict under Federal Rule of Civil Procedure 60 because the exclusion of the depositions affected his substantial rights and was not harmless error. We disagree.

In denying Patterson's request to read the transcripts, the district court was enforcing the disclosure requirements of the pretrial order. "The district court's decision to exclude evidence as a means of enforcing a pretrial order must not be disturbed absent a clear abuse of discretion." *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 730 (5th Cir. 2010) (citation and internal quotation marks omitted).

The district court found that reading the depositions to the jury would amount to "ambushing the other side" because Patterson had not given the required notice of the portions of the transcripts to be read. First, the pretrial order required parties offering deposition testimony to "state whether the entire deposition, or only portions, will be used." Patterson did not inform the City or Commission of the portions of the transcripts he planned to use. Second,

7

Patterson listed the representatives in both the "will testify live" and the "will testify by deposition" sections of the pretrial order, knowing that he could select only one. Third, the pretrial order states that "listing of a will call witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial." The defendants reasonably relied on Patterson's representation that he would examine the two witnesses at trial. Despite the reliance he created, Patterson did not indicate until the Friday before trial that he intended to read the depositions to the jury. Based on his noncompliance with the pretrial order, we find that the district court did not abuse its discretion in preventing him from reading the transcripts.

## C.    "Joint Employer" Standard

Finally, Patterson challenges the district court's grant of summary judgment to the County on the grounds that the court improperly applied the joint employer test from *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983), in finding that the County (and the City) could not be considered Patterson's primary employer. Specifically, Patterson argues that the district court should not have excluded "financial control" as a factor in determining whether the County was a joint employer with the Commission.

We review a grant of summary judgment de novo, applying the same standards used by the district court. *ACE Am. Ins. Co. v. M-I, L.L.C.*, 699 F.3d 826, 830 (5th Cir. 2012). Under Rule 56(a), summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We examine the evidence in the light most favorable to the nonmoving party, and draw any reasonable inferences in favor of that party." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (internal citations omitted).

On appeal, Patterson has not raised a genuine dispute of material fact. However, we need not engage in a summary judgment review of this issue

because it is moot. As the City correctly notes in its brief, the *Trevino* test does not create an independent claim for relief. Rather, it functions to determine whether separate entities are sufficiently connected such that their employees should be counted together for purposes of meeting the numerical thresholds for coverage under the ADA and ADEA. *Trevino*, 701 F.2d at 404; *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 764 (5th Cir. 1997). Patterson's ADA and ADEA claims failed at trial, and he does not challenge the jury's findings as to these claims on appeal. Given that Patterson does not challenge the jury's findings on the underlying claims, which would form the basis for any relief had *Trevino* been applied differently, his challenge to the district court's alleged misapplication of *Trevino* is moot.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.